FILED
United States Court of Appeals
Tenth Circuit

January 6, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDREW FEDOROWICZ,

      Plaintiff-Appellant,

and

FEROSA BLUFF,

      Plaintiff,

v.

JOHN PEARCE, individually and in
his official position,

      Defendant-Appellee.

No. 15-4061
(D.C. No. 2:14-CV-00578-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Andrew Fedorowicz was convicted in state court on charges of

felony murder, child abuse, and sexual abuse of a child. Mr. Fedorowicz's

wife attributed the conviction to hundreds of crimes by state officials and

_____

[*] The parties do not request oral argument, and the Court has
determined that oral argument would not materially aid our consideration
of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we
have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.

asked the governor's attorney, John Pearce, to investigate. He allegedly declined to follow up.

Mr. Pearce later became a judge and Mr. Fedorowicz sued, claiming that Mr. Pearce was unfit for the position. The federal district court dismissed the action, and Mr. Fedorowicz moved three times for reconsideration. The district court denied the motions, and Mr. Fedorowicz appeals the dismissal and refusals to reconsider the dismissal. We affirm.

**1.     The dismissal was proper.**

We begin with the issues involving the dismissal.

**A.     On these issues, we engage in de novo review, determining whether Mr. Fedorowicz alleged a plausible claim for relief.**

In deciding this appeal, we engage in de novo review. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). The question in district court, as here, is whether the complaint contained sufficient factual allegations to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Mr. Fedorowicz did not allege a plausible basis to authorize either this court or the district court to order a criminal investigation or to order reforms involving the Utah Board of Pardons and Parole.**

Mr. Fedorowicz asks us to investigate his claims into criminality by state officials and to order reforms involving the Utah Board of Pardons and Parole. But Mr. Fedorowicz has not presented a reasoned argument in

support of these requests. As a result, we decline to consider them.

*Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008).

### C. Mr. Fedorowicz withdrew his official-capacity claims.

In the complaint, Mr. Fedorowicz apparently asserted official-capacity claims against Mr. Pearce. In the appeal, however, Mr. Fedorowicz stated that he was seeking relief only in Mr. Pearce's individual capacity. Appellant's Reply Br. at 18, 21. Thus, Mr. Fedorowicz has apparently withdrawn any official-capacity claims.

### D. Mr. Fedorowicz has not alleged a plausible basis to infer a duty by Mr. Pearce to follow up on an investigation.

Mr. Fedorowicz argues that Mr. Pearce neglected to follow up on an investigation into Ms. Fedorowicz's allegations of criminal wrongdoing. See Appellant's Opening Br. at 14 ("Petitioner's contention was not that Defendant Pearce did not investigate. Petitioner demonstrated that Defendant Pearce did not *followup* on his investigations." (emphasis in original)). This argument is invalid as a matter of law because (1) Mr. Pearce's job was to advise the governor, not to follow up on an investigation into possible crimes and (2) the alleged failure to follow up on an investigation into possible crimes would not have violated a legal duty to Mr. Fedorowicz.

When Ms. Fedorowicz made the allegations, Mr. Pearce was serving as the governor's legal counsel. As counsel to the governor, Pearce was

3

responsible for advising the governor on legal matters, not following up on investigations into possible crimes. *See* Utah Const. art. VII, § 5(4) ("The Governor may appoint legal counsel to advise the Governor."). Thus, Mr. Fedorowicz had no obligation to follow up on Ms. Fedorowicz's allegations. *See Garner v. Stephan*, 968 F.2d 19, 1992 WL 138601, at *1 (10th Cir. 1992) (unpublished table decision) (holding that the state attorney general had no legal obligation to investigate a convicted individual's allegations of wrongdoing by a sheriff); *see also Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1570 (10th Cir. 1993) ("[T]here is no constitutional right to have someone else prosecuted or disciplined.").

Mr. Fedorowicz asserts that he was entitled to protection under the Crime Victims Rights Act. Appellant's Opening Br. at 20, 34, 40. We need not decide whether Mr. Fedorowicz could assert a private right of action under the statute[1] because he does not explain how Mr. Pearce violated the statute by failing to follow up on an investigation.

Even if Mr. Pearce had a duty to follow up, it would have been owed to the governor or the public rather than to Mr. Fedorowicz. As a result, Mr. Fedorowicz could not obtain relief based on Mr. Pearce's alleged failure to follow up on an investigation into possible criminality.

---

[1] The statute, 18 U.S.C. § 3771(d)(6), provides that it does not create a cause of action for damages.

4

Mr. Fedorowicz attempts to personalize Mr. Pearce's alleged lapse, invoking a "special duty" to provide protection from continuing harm. But this argument goes beyond any duties recognized by our precedents. These precedents recognize a constitutional duty for the State to provide inmates with reasonable safety because of their inability to protect themselves. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). But Mr. Fedorowicz's claim goes far beyond this requirement: here there is no allegation of continued harm to Mr. Fedorowicz's safety. Instead, Mr. Fedorowicz simply alleges that he was innocent and wrongly imprisoned because of others' criminal acts. And Mr. Pearce, as the governor's attorney, was not responsible under state law for investigation of claims or protection of wrongfully convicted individuals. None of our precedents would suggest a right to relief in these circumstances.[2]

### E. Mr. Fedorowicz has not adequately presented an appellate argument on denial of equal protection.

In addition, Mr. Fedorowicz asserts an equal protection violation. His sole explanation is that the conditions "provide/qualify [him] to invoke an equal protection 'class of one' suit." Appellant's Opening Br. at 7. This explanation is inadequate for meaningful judicial review, for we do not know why Mr. Fedorowicz believes he was subjected to unequal treatment

---

[2] Mr. Fedorowicz seeks a declaratory judgment stating that Mr. Pearce is unfit for judicial office. This remedy is unavailable because it is based on an invalid cause of action (that Mr. Pearce failed to follow up on an investigation).

5

or whom he thinks was treated more favorably. *See Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (declining to consider an appellate argument when the appellant failed to provide a reasoned argument in support).

**F.    Mr. Fedorowicz failed to adequately present his argument under the "rescue doctrine."**

Mr. Fedorowicz invokes the "rescue doctrine," which allows rescuers to recover when injured while trying to save someone put in peril by another person's negligence. *Fulton v. St. Louis-San Francisco Ry. Co.*, 675 F.2d 1130, 1133-34 (10th Cir. 1982). According to Mr. Fedorowicz, he was injured because Mr. Pearce prevented others from investigating.

This argument is unsupported and waived. It is unsupported because Mr. Fedorowicz did not cite anything in the record suggesting that Mr. Pearce prevented others from investigating. And the claim is waived because Mr. Fedorowicz did not present this claim in the complaint. *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 640 (10th Cir. 2012).

**G.    Mr. Fedorowicz failed to show a need for recusal.**

Mr. Fedorowicz argues that the district judge was biased and should have recused. But Mr. Fedorowicz did not file a motion for recusal in district court. In these circumstances, we would consider the issue under the plain-error standard if Mr. Fedorowicz had urged plain error. *United States v. Nickl*, 427 F.3d 1286, 1297-98 (10th Cir. 2005). But he did not

urge plain error; as a result, we decline to consider this issue. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011) (declining to consider the merits of a claim not presented to the district court when the party did not attempt to show plain error).

**2.     The district court acted in its discretion when denying Mr. Fedorowicz's three motions to reconsider.**

Mr. Fedorowicz disagreed with the dismissal and filed three motions to reconsider. Each motion was denied. In reviewing these denials, we conclude that we have appellate jurisdiction and that the district court acted within its discretion.

**A.     Though Mr. Fedorowicz did not file a new notice of appeal when the district court denied reconsideration, we have appellate jurisdiction because he filed the equivalent.**

Though Mr. Pearce has not challenged our jurisdiction, we must always ensure our own jurisdiction before acting on an appeal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). We ordinarily obtain jurisdiction only when a party files a timely notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Mr. Fedorowicz filed a timely notice of appeal after the district court dismissed the complaint. That notice triggered appellate jurisdiction over the dismissal, but not any subsequent rulings. *See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1295 (10th Cir. 2008). To appeal those, Mr. Fedorowicz needed to file a new notice of appeal. He failed to do that.

7

Still, we have considered some filings as the equivalent of a notice of appeal when they provide the notice required by Federal Rule of Appellate Procedure 3. *Smith v. Barry*, 502 U.S. 244, 248-49 (1992). Rule 3 requires that the appellant

- identify the parties who are appealing,

- state which order or judgment is being appealed, and

- specify the court that would consider the appeal.

Fed. R. App. P. 3(c)(1). Applying these requirements, we have treated a docketing statement as the equivalent of a notice of appeal. *See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 (10th Cir. 2008).

Mr. Fedorowicz filed a docketing statement after the district court denied his three motions for reconsideration. That docketing statement identified the appellant as Andrew Fedorowicz, identified the three rulings and argued that they were erroneous, and specified the Tenth Circuit Court of Appeals as the forum for the appeal. Appellant's Docketing Statement at 1, 6. By satisfying the requirements of Rule 3, the docketing statement served as the functional equivalent of a new notice of appeal. Thus, we have appellate jurisdiction over the three denials of reconsideration.

**B.    In reviewing the denials of reconsideration, we consider only whether the district court abused its discretion.**

In exercising this jurisdiction, we consider whether the district court abused its discretion. *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 789

8

(10th Cir. 2013). The court abused its discretion if it made a clear error of judgment or went beyond the realm of permissible choices. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 610-11 (10th Cir. 2012). In our view, the court acted within its discretion.

Mr. Fedorowicz's motions for reconsideration were based on Federal Rule of Civil Procedure 60(b). Under this rule, the district court may provide post-judgment relief based on an intervening change in controlling law, evidence that had not been available previously, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Though these grounds could justify relief, the court should deny the motion when the proponent seeks only to revisit issues already addressed or make arguments that could have been presented earlier. *Id.*

Mr. Fedorowicz argues that he presented new evidence and that the controlling law changed. Both arguments are rejected.

The allegedly new evidence consists of an affidavit by S.J.M. Eikelenboom-Schieveld, M.D. and medical materials. But these documents had been presented to the district court earlier (in support of Mr. Fedorowicz's summary judgment motion). Thus, the district court could reasonably conclude that this evidence was not new.

In addition to reliance on this evidence, Mr. Fedorowicz argues that the controlling law changed. This argument consists of a single sentence:

"The material facts and evidence before this Court present an intervening change in controlling law." Appellant's Opening Br. at 20. This sentence is unexplained and unsupported. In rejecting this assertion, the court acted in its discretion.

**3. We deny Mr. Fedorowicz's motions.**

In addition to appealing, Mr. Fedorowicz has filed four motions:

1. "Notice of Injury to the Tenth Circuit Court of Appeals Re: Clerk of this Court's Deficient/Improper Order"

2. "Notice Re: Filing Appellant's Opening Brief and Appendices"

3. "Motion to Strike and Request for Order of Summary Judgment by Default"

4. "Motion for Clarification"

We deny each motion.

**A. "Notice of Injury to the Tenth Circuit Court of Appeals Re: Clerk of this Court's Deficient/Improper Order" and "Notice Re: Filing Appellant's Opening Brief and Appendices"**

In the first two motions, labeled "notices," Mr. Fedorowicz complains about the processing of his briefs and appendices by the court clerk's office. Mr. Fedorowicz misunderstood the clerk's correspondence: the court clerk properly filed Mr. Fedorowicz's submissions and acknowledged they were timely. These motions are denied.

10

### B. "Motion to Strike and Request for Order of Summary Judgment by Default"

Mr. Fedorowicz also filed a motion to strike Mr. Pearce's answer brief and motion for attorney fees, arguing that they are frivolous and contain misrepresentations. In our view, Mr. Fedorowicz has not justified striking of these filings. As a result, we deny Mr. Fedorowicz's motion.

### C. "Motion for Clarification"

Mr. Fedorowicz's "motion for clarification" does not actually seek clarification. Instead, Mr. Fedorowicz rebuts Mr. Pearce's reply brief and objects to Mr. Pearce's motion for appellate attorney fees. As discussed below, we deny Mr. Pearce's motion for appellate attorney fees. In all other respects, Mr. Fedorowicz has not made any new requests for relief.

## 4. We deny Mr. Pearce's motion for appellate attorney fees.

Mr. Pearce has moved for an award of appellate attorney fees against Mr. Fedorowicz's counsel, arguing that the appeal is frivolous. This award would be available only if Mr. Fedorowicz's counsel prosecuted this appeal in bad faith, vexatiously, wantonly, or oppressively. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015).

Mr. Pearce has not satisfied this test. He relies on warnings in other related cases, but those cases did not involve Mr. Fedorowicz's present attorney. As a result, we deny Mr. Pearce's motion for appellate attorney fees.

11

**5.	We deny Mr. Pearce's motion for appellate costs.**

Mr. Pearce also moved for an award of appellate costs. But to recover costs, Mr. Pearce must file a bill of costs. Fed. R. App. P. 39(d)(1). No such document has been filed. Thus, we deny Mr. Pearce's motion for an award of appellate costs.

**6.	We deny Mr. Fedorowicz's request for appellate attorney fees.**

In his opening brief, Mr. Fedorowicz requests an award of attorney fees. Mr. Fedorowicz has not identified any authority or made any argument for a fee award. As a result, we deny the request.

**7.	Disposition**

We affirm and deny all pending motions and Mr. Fedorowicz's request for an award of appellate attorney fees.

Entered for the Court


Robert E. Bacharach
Circuit Judge