FILED
United States Court of Appeals
Tenth Circuit

November 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARWIN LEROY LONG,

     Plaintiff - Appellant,

v.

WELLS FARGO BANK, N.A., as Trustee
for Option One Mortgage Loan Trust 2007-
6, Asset Backed Certificates, Series 2007-
6; ETITLE INSURANCE AGENCY;
HOMEWARD RESIDENTIAL, f/k/a
American Home Mortgage Servicing, Inc.;
OCWEN MORTGAGE,

     Defendants - Appellees.

No. 15-4131
(D.C. No. 2:14-CV-00463-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
_____

   Darwin Long appeals the district court's Federal Rule of Civil Procedure 12(b)(6)

dismissal of his request for relief under the Declaratory Judgment Act ("DJA"),

28 U.S.C. § 2201(a).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

   [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In April 2007, Mr. Long and his wife, Jackie, executed a promissory note for $270,000, which was secured by a properly recorded deed of trust on their home in Cottonwood Heights, Utah. All of the defendants (now appellees) had some connection to the loan.

The Longs stopped making payments in September 2009, causing the loan to go into default. Acting as successor trustee for the deed of trust, eTitle Insurance Agency ("eTitle") sent the Longs a series of default notices and advised them of its intention to sell the property in a non-judicial foreclosure. These efforts continued from March 2010 through 2014, when Mr. Long filed the underlying lawsuit in Utah state court to halt foreclosure. Among other claims, he asserted a violation of the Fair Debt Collection Practices Act ("FDCPA"). The defendants removed the case because the FDCPA claim conferred federal question jurisdiction under 28 U.S.C. § 1331.

After removal, Mr. Long filed an amended complaint, which asserted claims for quiet title; negligent and intentional misrepresentations; violations of the statute of frauds, Utah Mortgage Fraud Act, and the FDCPA; and breaches of fiduciary duty. The amended complaint also sought a declaratory judgment. Mr. Long asked the district court to determine each defendant's rights and responsibilities in the property under the deed of trust and also to declare that (a) numerous loan- and foreclosure-related documents were invalid; (b) no defendant has a valid claim, interest, or title in the property; and (c) eTitle has no right to foreclose on the property.

The defendants filed Rule 12(b)(6) motions to dismiss all claims. The district court granted the motions and dismissed Mr. Long's amended complaint with prejudice. Mr. Long filed a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), but that motion was denied. Mr. Long now appeals only the district court's dismissal of his request for relief under the DJA, not the dismissal of his substantive claims. He asks us to find that his Amended Complaint "was legally sufficient in stating a claim for relief under the [DJA]" and to remand for the district court to declare whether eTitle and the other defendants have authority to foreclose on his property. Corrected Aplt. Opening Br. at 18.

## II. ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plaintiffs must allege specific facts that would support the conclusion that they are entitled to relief. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[M]ere labels and conclusions . . . will not suffice." (internal quotation marks omitted)). Applying this standard, the district court dismissed all of Mr. Long's substantive claims for failure to state a claim. It also held that Mr. Long is not entitled to a declaratory judgment because he "has not presented plausible allegations that any of the [loan assignment] documents are invalid." Aplt. App., Vol. 2 at 339 & n.30.

The sole issue Mr. Long presents for our review is whether the DJA request should have been dismissed. *See* Corrected Aplt. Opening Br. at 12 ("[T]he final

3

judgment in this case dismissed (with prejudice) the claim for relief on appeal under the Declaratory Judgment Act . . . ; all other claims pleaded are not the subject of this appeal."); *id.* at 27 ("Only Homeowner's request for declaratory relief is sought as the subject of this appeal as against Etitle.").

The district court's Rule 12(b)(6) dismissal of the request for a declaratory judgment is subject to de novo review. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). "This court can affirm the district court's dismissal on any ground sufficiently supported by the record." *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 882 (10th Cir. 2005).

The availability of declaratory relief "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). No such "judicially remediable right" exists here because Mr. Long chose not to appeal the district court's dismissal of *any* substantive claim—including the action for quiet title that overlaps with his request for declaratory relief. Because Mr. Long's substantive claims have failed, his request for declaratory relief in relation to those claims is not viable. *See, e.g.*, *Fedorowicz v. Pearce*, 641 F. App'x 773, 776 n.2 (10th Cir.) (deeming declaratory judgment remedy "unavailable because it is based on an invalid cause of action"), *cert. denied*, 136 S. Ct. 2422 (2016); *Adams v. FedEx Ground Package Sys., Inc.*, 546 F. App'x 772, 776-77 (10th Cir. 2013) (holding that declaratory judgment claim failed "because there are no rights left to be declared under [appellant's] other failed claims").

4

## III. **CONCLUSION**

For these reasons, we affirm the district court's dismissal of Mr. Long's request for declaratory relief under the DJA.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge